UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD THOMAS DOHERTY,
        Plaintiff,

        v.                                                 CIVIL ACTION NO. 12-10125-NMG

PATRICK DONOHOE, Postmaster General,
        Defendant.

MEMORANDUM AND ORDER

GORTON, D.J.

BACKGROUND

On January 20, 2012, Plaintiff Edward Thomas Doherty ("Doherty"), a resident of West Yarmouth, Massachusetts, filed a self-prepared Complaint against the Postmaster General alleging that he was retaliated against for filing an EEO complaint in 2007 based on age discrimination. He believes that since he filed his EEO complaint, he was labeled as a troublemaker and subject to retaliation in the form of denial of a fair opportunity to complete training as a Rural Carrier Associate. He alleges that postal supervisors had no intention of letting him complete the program successfully, and "were just going through the motions." Compl. at 2, ¶ 2. Additionally, Doherty claims that in March 2008, he was given an opportunity to retake a driving test for which he was previously considered ineligible, and also given an opportunity to take another test, so long as he agreed to drop the charges on his EEO complaint. Thereafter, Doherty's driving instructor failed him on the driving test. He claims that proper procedures were not followed and that he should have passed the test if it had been administered properly. As a result of his failure to pass the driving test, he was terminated from employment.

Further, Doherty asserts that in his earlier discrimination suit in this Court, see Doherty v. Potter, C.A. 09-12042-WGY, aff'd No. 10-1184 (1st Cir. Nov. 9, 2010), he erroneously alleged

that the basis for the discrimination against him was his age;[1] however, in this lawsuit, he alleges that "the real reason was Retaliation for taking part in a Protected Activity I could have shown proximity to the unjustified negative evaluations." Compl. at 4, ¶ 5.

As relief, he seeks a career position with the U.S. Post Office and $729,800.00 as compensatory and punitive damages.

Accompanying the Complaint, Doherty filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a Motion for Appointment of Counsel (Docket No. 3).

## DISCUSSION

I.  The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Doherty's financial disclosures, this Court finds that he lacks sufficient funds to pay the $350.00 filing fee. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) will be <u>ALLOWED</u>.

II. Issuance of a Summons and Service of Process by the United States Marshal Service

Because Doherty is proceeding *in forma pauperis*, his Complaint has been screened pursuant to 28 U.S.C. § 1915(e). Although the Complaint is not pristine and does not wholly comport with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, the Court finds Doherty has provided sufficient notice of his retaliation claims, and therefore will permit this action to proceed at this time.

Accordingly, the Court will direct the issuance of a summons and direct service of process by the United States Marshal Service, as set forth below.

---

[1] Judge Young dismissed the action based on his finding that the age discrimination claims lacked plausibility. <u>See</u> Electronic Order of February 2, 2010; Order for Dismissal (Docket No. 9).

III.     The Motion to Appoint Counsel

Under 28 U.S.C. §1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under §1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*) (emphasis added); see also Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. §1915, Doherty "must demonstrate that he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (emphasis added). This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id.[2]

At this juncture, the Court credits that Doherty has made good faith efforts to retain his own counsel, and that he cannot afford to do so. The Court also considers that Doherty is unskilled in the law and may have a difficult time prosecuting this action *pro se*. Nevertheless, without a response from the Defendant, this Court cannot gauge adequately the merits of his

---

[2]The standard is less stringent in employment discrimination cases. See, e.g., Gadson v. Concord Hosp., 966 F.2d 32, 35 (1st Cir. 1992) (stating: "[a] district court considers three factors in determining whether to appoint counsel to a *pro se* plaintiff under Title VII: (1) the merits of plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability."). "Any one of the three factors may be determinative." Id. at 36 (citing Darden v. Illinois Bell Telephone Co., 797 F.2d 497, 501 (7th Cir. 1986)). Even under this standard, this Court does not consider appointment of *pro bono* counsel at this time to be prudent.

3

claims nor find that Doherty has demonstrated exceptional circumstances warranting the expenditure of scarce *pro bono* resources. Accordingly, Doherty's Motion for Appointment of Counsel (Docket No. 3) is DENIED without prejudice to renew after the Defendant has filed a responsive pleading, upon good cause shown.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED;

2. Plaintiff's Motion for Appointment of Counsel is DENIED;

3. The Clerk shall issue a summons; and

4. The Clerk shall send the summonses, a copy of the Complaint, and this Order to the Plaintiff, who must thereafter serve the Defendant in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States Marshal Service. If directed by the Plaintiff to do so, the United States Marshal Service shall serve the summons, copy of the Complaint, and this Order upon the Defendant, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: February 2, 2012